CARTIER, a DIVISION OF RICHE-MONT NORTH AMERICA, INC., and Cartier International, B.V., Plaintiffs,

v.

AARON FABER INC. d/b/a Aaron Faber Gallery, Edward Faber, J & P Timepieces, and John Does 1–10, Defendants.

No. 05 CIV. 6615(VM).

United States District Court,
S.D. New York.

Aug. 12, 2005.

Milton Springut, Tal S. Benschar, Kalow & Springut LLP, New York, NY, for Plaintiffs.

William Irvin Dunnegan, Perkins & Dunnegan, New York, NY, for Defendants.

### DECISION AND ORDER

MARRERO, District Judge.

Plaintiffs Cartier, division of Richemont North America, Inc. and Cartier International B.V. ("Plaintiffs") having initiated this motion for a preliminary injunction by Order to Show Cause returnable on August 11, 2005 directing defendant J & P Timepieces (hereinafter "Defendant") to show cause why a preliminary injunction and an order for expedited discovery should not be entered against it; and Defendant having been timely served with the Summons, Complaint, Order to Show Cause and all papers in support thereof; and Defendant having failed to appear or file any opposition to said motions; and the Court having considered the papers and arguments presented by Plaintiffs in support thereof and finding that the Plain-tiffs have establish a likelihood of success on the merits of their trademark infringement claims and irreparable harm to their interests from the actions of Defendant; it is hereby

**ORDERED** that the motions of plaintiffs Cartier International, B.V. and/or Cartier, division of Richemont North America, Inc. ("Plaintiffs") for a preliminary injunction is GRANTED in the form contained herein:

1. Defendant J & P Timepieces ("Defendant"), its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, pending the final hearing and determination of this action, are enjoined from selling, offering for sale, advertising or distributing any "Cartier" watches which have in any way been altered or modified by any person or entity not authorized to do so by Plaintiffs including any such watches which have been modified by the setting of diamonds thereon by any person or entity not authorized by Plaintiffs.

2. To the extent a used watch has been scratched in the normal course of use and wear, that shall not constitute "altered or modified" for the purpose of this preliminary injunction.

3. Nothing in the foregoing injunction shall prevent Defendant from providing after-market services to any customer who already owns a Cartier watch and requests service thereof where such service terminates in return of the watch to the same customer upon completion of such service; and it is further

**ORDERED** that Plaintiffs' motion for an order of expedited discovery is GRANTED. Defendant J & P Timepieces shall provide expedited discovery as follows:

1. Defendant shall provide for inspection and copying as per Rule 34 of the Federal Rules of Civil Procedure all documents listed on the attached Schedule A, such discovery to be sent to be received by Plaintiffs' counsel by no later than one week from the date of this Order.

2. Defendant shall appear for deposition, pursuant to Rules 30(b)(1) and 30(b)(6) of the Federal Rules of Civil Procedure, with respect to the subject matters listed in the attached Schedule A no later than two weeks from the date of this Order; and it is further

**ORDERED** that Plaintiffs shall cause this Order to be served upon Defendant within two (2) business days from the date of this Order.

SO ORDERED.

### *SCHEDULE A*

Definitions

1. The Uniform Definitions in Discovery contained in S.D.N.Y. Local Civil Rule 26.3 (a copy of which is appended below) are hereby incorporated into this Schedule.

2. "Defendant" shall reference defendant J & P Timepieces, and all its agents, servants, officers, directors and employees.

**Documents To Be Produced**

1. All documents concerning any of the deposition topics listed below.

**Deposition Topics**

1. The creation by Defendant of diamond-set "Cartier" brand watches, including the acquisition of genuine non-diamond set Cartier brand watches, the acquisition of diamonds, the setting of diamonds on the watches, and the identity of the diamond-setters.

2. The marketing, advertising, promotion and sale by Defendant of diamond-set Cartier brand watches, including, without limitation, on the Internet.

1. The respective roles and responsibilities of all individuals in the activities of the corporate Defendant.

All documents produced in expedited discovery, and the search for such documents.

### Local Civil Rule 26.3 *Uniform Definitions in Discovery Requests*

(a) The full text of the definitions and rules of construction set forth in paragraphs (c) and (d) is deemed incorporated by reference into all discovery requests. No discovery request shall use broader definitions or rules of construction than those set forth in paragraphs (c) and (d). This rule shall not preclude (1) the definition of other terms specific to the particular litigation, (2) the use of abbreviations, or (3) a more narrow definition of a term defined in paragraph (c).

(b) This rule is not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.

(c) The following definitions apply to all discovery requests:

(1) **Communication.** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2) **Document.** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

(3) **Identify (with respect to persons).** When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when refer-

ring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) **Identify (with respect to documents).** When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(5) **Parties.** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors; employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6) **Person.** The term "person" is defined as any natural person or any business, legal or governmental entity or association.

(7) **Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

(d) The following rules of construction apply to all discovery requests:

(1) **All/Each.** The terms "all" and "each" shall be construed as all and each.

(2) **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(3) **Number.** The use of the singular form of any word includes the plural and vice versa.